IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIRADJI SARR | : | |
| | : | |
| Petitioner, | : | 3:26-cv-2225 |
| | : | (JUDGE MARIANI) |
| v. | : | |
| | : | |
| CRAIG LOWE, WARDEN, | : | |
| PIKE COUNTY | : | |
| CORRECTIONAL FACILITY | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

### I. BACKGROUND

Petitioner Siradji Sarr ("Petitioner"), a citizen of Senegal, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained at Pike County Correctional Facility within the Middle District of Pennsylvania and names as Respondent Craig Lowe, Warden of Pike County Correctional Facility. Petitioner alleges he has been detained in civil immigration custody since November 24, 2025, and that his detention violates due process and the Fourth Amendment. (*Id.* at 2). He seeks his immediate release from custody or a bond hearing.

Respondent seeks dismissal of the petition because Petitioner is subject to a final order of removal. (Doc. 9 at 1–2). Specifically, Respondent claims that the Court cannot grant relief because Petitioner is detained pursuant to 8 U.S.C. § 1231 and he is still within

the 90-day removal period, thus making his detention mandatory. The Court agrees and will deny the petition.

On February 2, 2024, Sarr was arrested by a United States Customs and Border Protection agent in the area of responsibility of the San Diego Border Patrol Sector. (Doc. 9-2 at 3). On February 4, 2024, DHS served the Petitioner with a Notice to Appear. (Doc. 9-3 at 2). The Notice to Appear charged the Petitioner as removable pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), which provides that a noncitizen present in the United States without being admitted or paroled is inadmissible. (*Id.* (citing 8 U.S.C. § 1182)). Soon thereafter, Petitioner was released on his own recognizance due to a lack of bed space. (Doc. 9-2 at 4). On March 17, 2025, Petitioner filed an application for protection from removal. (Doc. 9-4 at 3).

On November 24, 2025, Petitioner reported to an ICE Enforcement Removal Operations office in Philadelphia for his scheduled check-in appointment and was placed into custody. (*Id.*). The next day, DHS added an additional charge to Petitioner's Notice to Appear, charging him with violating Section 212(a)(7)(A)(i)(I) of the INA, as an immigrant who, at the time of application for admission, was not in possession of valid immigration documents. (Doc. 9-6 at 2 (citing 8 U.S.C. § 1182)).

On March 31, 2026, Petitioner appeared before an Immigration Judge, who denied Petitioner's application for relief and ordered him removed to Senegal. (Doc. 9-7). Although Petitioner attempted to appeal his removal order, the Board of Immigration Appeals ("BIA")

rejected his appeal due to filing defects because it was unsigned by his attorney. (Doc. 9-8 at 4). The appeal was returned with instructions to accompany any late re-filing with a motion to accept late appeal. (*Id.*). However, Petitioner's counsel failed to attach a motion to accept late appeal when re-filing, and thus the BIA summarily dismissed Petitioner's appeal on July 24, 2026. (*Id.*). Petitioner's order of removal became final that day. *See* 8 C.F.R. § 1241.1(a) ("An order of removal ... shall become final...[u]pon dismissal of an appeal by the [BIA.]"). There is no evidence in the record that Petitioner filed a motion to reopen or a Petition for Review, the deadline for which was on August 23, 2026. (*See* Doc. 9-8 at 3).

## II. STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal

habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III. ANALYSIS

### a. Petitioner's detention is mandatory because he is subject to an order of removal, which became final fewer than 90 days ago.

Respondent claims the Court must dismiss the petition because Petitioner's detention falls within the 90-day removal period provided by 8 U.S.C. § 1231(a) and is thus mandatory. The Court agrees. Because Petitioner is still within the 90-day removal period, his detention is mandatory, and the Court cannot grant him habeas relief at this time.

Section 1231 provides, in relevant part:

> **(a) Detention, release, and removal of aliens ordered removed**
> **(1) Removal period**
> **(A) In general**
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
> **(B) Beginning of period**
> The removal period begins on the latest of the following:
> **(i)** The date the order of removal becomes administratively final.
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
> **(C) Suspension of period**
> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the

alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

**(2) Detention**

**(A) In general**

During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a).

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). "The removal period begins on the latest of three dates: (1) the date the order of removal becomes administratively final, (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." *Id.* (citing 8 U.S.C. § 1231(a)(1)(B)). "During the removal period, detention is mandatory." *Id.* (citing 8 U.S.C. § 1231(a)(2)).

Petitioner was ordered removed on March 31, 2026. (Doc. 9-7 at 2). He attempted to appeal his removal order, but failed to properly file his appeal, and thus the BIA summarily dismissed his appeal. (Doc. 9-8 at 4). Petitioner has not submitted any evidence to dispute that his removal order became final on July 24, 2026 (*id.*), and he appears to have taken no action to stay enforcement of the removal order. 8 U.S.C. § 1231(a)(1)(B)(i);

8 C.F.R. § 1241.1(a).[1] Because Petitioner is still within the 90-day removal period set forth in 8 U.S.C. § 1231(a)(1)(B), and the Supreme Court has found that less than six-months of post-removal detention under the statute is presumptively reasonable, the Court cannot grant Petitioner habeas relief at the time.[2] *See Vargas Chacon v. Rokosky*, 2026 WL 1048383, at *1 (D.N.J. Apr. 17, 2026) ("Because his current detention falls within the statutorily mandated removal period and does not otherwise violate the Constitution, the Petition is denied.").[3]

**b. Petitioner's pleadings regarding his warrantless arrest do not provide a basis for release.**

Although Petitioner does not expressly name the Fourth Amendment in his petition, the Court understands that he has challenged his arrest without a warrant, which is properly understood as a Fourth Amendment challenge to his detention. (Doc. 1 at 2, 6–8). Given

---

[1] 8 C.F.R. § 1241.1 is entitled "Final order of removal" and provides, in relevant part:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
>
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
>
> (b) Upon waiver of appeal by the respondent;
>
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time; . . . .

8 C.F.R. § 1241.1(a)–(c).

[2] The Supreme Court has interpreted 8 U.S.C. § 1231(a) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court found that a detention period of six months was "presumptively reasonable." *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

[3] To the extent Petitioner has not been removed to Senegal upon the expiration of six-months from his final order of removal—i.e. on or around January 24, 2027—he may file a successive habeas petition pursuant to 28 U.S.C. § 2241.

that Petitioner has filed his habeas petition *pro se*, the Court will carefully consider Petitioner's arguments and "liberally construe[]" the petition. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (explaining the Court's "[special] obligation to liberally construe a *pro se* litigant's pleadings is well-established"). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

Petitioner alleges that his warrantless arrest in violation of the Fourth Amendment constitutes grounds for his immediate release. (Doc. 1 at 8). As a threshold matter, it is not clear that the Court has jurisdiction to entertain this claim.[4] Even if the Court does have jurisdiction to address this claim, though, the remedy for a warrantless arrest is not release from detention—the remedy is "the suppression of evidence obtained therefrom." *Valenzuela v. Semaia*, 2025 WL 3635578, at *4 (C.D. Cal. Nov. 3, 2025) (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984)); *see also Noori v. Soto,* 2026 WL 631642, at *2 (D.N.J. Mar. 5, 2026) (rejecting warrantless arrest as basis for immigration detainee's release); *Silva v. Noem*, 2026 WL 560338, at *3 (E.D. Va. Feb. 25, 2026) ("As the Supreme

---

[4] In *Khalil v. President, United States*, the Third Circuit held that 8 U.S.C. § 1252(b)(9) limits the Court's habeas jurisdiction to "claims that courts cannot 'meaningfully' review through the PFR process"—that is, "those claims do not 'aris[e] from' the 'action[s] taken' or 'proceeding[s] brought' to remove [the detainee]." 164 F.4th 259, 274 (3d Cir. 2026). In other words, 8 U.S.C. § 1252(b)(9) may "strip[] the District Court of jurisdiction, requiring [Petitioner] to wait to raise his claims until he files a petition for review (PFR) of a final order of removal." *Id.* At 273; *but see Silva*, 2026 WL 560338, at *3 (finding Court had jurisdiction to consider warrantless arrest claim despite 8 U.S.C. § 1252(b)(9)). Courts have considered warrantless arrest claims on petition for review. *See generally Babula v. Immigr. & Naturalization Serv.*, 665 F.2d 293, 295 (3d Cir. 1981) (reviewing Fourth Amendment claims related to warrantless arrests on petition for review).

Court has recognized, 'if sufficient ground for [a petitioner's] detention by the government is shown, he is not [to] be discharged for defects in the original arrest or commitment.'" (citing *Ekiu v. United States*, 142 U.S. 651, 662 (1892) and *United States v. Crews*, 445 U.S. 463, 474 (1980))). Given that Petitioner is properly and mandatorily detained under 8 U.S.C. § 1231 pursuant to a final order of removal, any defect in his arrest cannot provide a basis for his immediate release.

Upon careful consideration of the petition, the Court cannot grant Petitioner habeas relief at this time. Accordingly, the Court will deny the petition.

## IV. **CONCLUSION**

For the foregoing reasons, Petitioner's habeas petition will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge